UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA K. HOLDEN,  )  )  Plaintiff,  )  )  v.  )  )  WILLIAM & CONNOLLY LLP,  )  )  Defendant.  )  ) | No. 19-cv-3055 (KBJ) |

**ORDER CONSOLIDATING CASES AND REQUIRING *PRO SE* PLAINTIFF TO FILE AN AMENDED COMPLAINT**

Pro se plaintiff Lisa K. Holden has filed two separate complaints against Williams & Connolly LLP arising out of her employment at the firm and eventual termination: one alleging claims under the Family and Medical Leave Act of 1993 ("FMLA") (*see Holden v. Williams & Connolly LLP*, 19cv3055), and one alleging claims under the Employee Retirement Income Security Act of 1974 ("ERISA") (*see Holden v. Williams & Connolly LLP*, 19cv3057). In the interest of judicial economy, and given the overlap in the facts giving rise to the claims asserted in each complaint, this Court will consolidate the two cases under the earliest-filed case number, 19cv3055, and instruct Holden to file an omnibus complaint in 19cv3055 that encompasses both of her current, separate complaints.

Accordingly, it is hereby

**ORDERED** that *Holden v. Williams & Connolly LLP*, 19cv3055, and *Holden v. Williams & Connolly LLP*, 19cv3057, are **CONSOLIDATED** and that all filings in

these consolidated cases shall be made only in the first-filed case, 19cv3055.  The Clerk is redirected to administratively close 19cv3057.  It is

**FURTHER ORDERED** that, on or before **December 6, 2019**, Holden shall file a consolidated amended complaint that contains *all* of the factual allegations and legal claims that she intends to prosecute against Williams & Connolly, LLP.  In drafting her amended complaint, Holden should take into account the principles set forth in the attached "Appendix to Order Requiring Pro Se Plaintiff To File an Amended Complaint," and should keep in mind that the failure to file an Amended Complaint as ordered might result in the Court's dismissal of this civil action under Federal Rule of Civil Procedure 41.

DATE:  October 23, 2019

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

**APPENDIX TO ORDER REQUIRING *PRO SE* PLAINTIFF
TO FILE AN AMENDED COMPLAINT**

In drafting an amended complaint, *pro se* plaintiffs should be aware of, and attempt to comply with, the following general rules of pleading.

(1) When drafting a complaint, a plaintiff must provide a "short and plain statement of [her] claim showing that [she is] entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

(2) The Federal Rules of Civil Procedure require a plaintiff to state his allegations "in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]" Fed. R. Civ. P. 10(b). This Court's Local Rules further instruct that a complaint "shall [not] have appended thereto any document that is not essential to determination of the action." LCvR 5.1(e).

(3) In addition to providing allegations of fact, it is often helpful for a plaintiff to set forth each of his legal claims as a separate count (*e.g.*, "Count I: Violation of the FMLA"; "Count II: Violation of ERISA"), and to restate or reference the factual allegations that establish the elements of each legal theory with respect to each such count.

A-2

(4) "[W]hat is the proper length and level of clarity for a pleading . . . is largely a matter that is left for the discretion of the trial court," and varies from case to case depending on "the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1217 (3d ed. 2004). A guidepost for assessing the sufficiency of a complaint's allegations of fact is whether "[t]he court or opposing party [is] able to understand whether a valid claim is alleged and if so what it is[,]" *Poblete v. Indymac Bank*, 657 F. Supp. 2d 86, 96 (D.D.C. 2009) (internal quotation marks and citation omitted).

(5) Although *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94 (internal quotation marks and citation omitted), they, too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).