**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LISA HOLDEN,<br><br>                Plaintiff,<br><br>   v.<br><br>WILLIAMS & CONNOLLY LLP, and UNUM LIFE INSURANCE COMPANY,<br><br>                Defendants. | Civil Action No. 1:19CV3055-KBJ |

**DEFENDANT UNUM LIFE INSURANCE COMPANY'S OMNIBUS RESPONSE TO PLAINTIFF'S MOTIONS**

Defendant Unum Life Insurance Company ("Unum"), by counsel, hereby submits this response to Plaintiff's Motion for Equitable Estoppel and Motion for Equitable Tolling.

On October 6, 2019, the Court ordered Plaintiff to file a consolidated and amended complaint by October 23, 2019. ECF No. 4. On November 26, 2019, Plaintiff filed a motion to extend the time to file her consolidated and amended complaint until January 10, 2020, which the Court granted. ECF No. 5. On January 13, 2020, Plaintiff filed a Consolidated and Restated Complaint ECF No. 6, along with three separate motions: (1) a Motion for Extension of Time (ECF No. 7), (2) a Motion for Equitable Tolling (ECF No. 8), and (3) a Motion for Equitable Estoppel (ECF No. 9).

On January 29, 2020, the Court granted Plaintiff's Motion for Extension of Time, *nunc pro tunc,* and ordered Plaintiff to "effect service of process on Defendants and file returns of service on or before March 27, 2020." *See* docket for case no. 1:19-cv-03055-KBJ. On February 3, 2020, Plaintiff filed a First Amended Consolidated and Restated Complaint, which only appeared on the Court's docket on March 6, 2020. *See* ECF No. 16.

In the meanwhile, Unum only became aware that it was served with the Complaint when its registered agent, CSC, received service on March 3, 2020. *See* Notice of Service of Process. At that time, Unum became aware that Plaintiff had attempted to serve Unum on February 25, 2020 through the State of Tennessee Department of Commerce and Insurance. Unum did not become actually aware of Plaintiff's Motions for Equitable Tolling and Equitable Estoppel until March 11, 2020, when it realized they were attached to the end of Plaintiff's Amended Complaint, which consists of 60 pages and 336 pages of Exhibits.

As set forth below, Plaintiff's motions are not appropriate as stand-alone motions and are premature. Setting aside the lack of merit to both motions and the complete absence of any facts that could support equitable tolling or equitable estoppel, the motions merely repeat the allegations of the Amended Complaint and contain arguments that would, if asserted at all, be asserted only in response to Unum's soon-to-be filed Motion to Dismiss and any defenses it might raise that invoke statutes of limitations. Accordingly, the issues of equitable tolling and equitable estoppel should be addressed in conjunction with that briefing, and not as preemptive, stand-alone motions.

**Motion for Equitable Tolling and Motion for Equitable Estoppel**

Plaintiff's Motion for Equitable Tolling seeks to toll any statutes of limitations that might apply to the claims stated in the First Amended Consolidated and Restated Complaint. *See* ECF No. 16. Plaintiff's Motion for Equitable Estopped seeks a ruling that Defendants are estopped from "asserting any statute of limitations defenses[.]" ECF No. 9 at 1. Unum opposes both of these motions.

Put simply, neither motion raises issues that should be adjudicated in advance of Unum's motion to dismiss. Given that Unum has not had the opportunity to answer or otherwise file a responsive pleading to Plaintiff's First Amended Consolidated and Restated Complaint,

Plaintiff's motions are not proper at this juncture. Indeed, Unum's response to the lawsuit is not even due until March 17, 2020, at the earliest. To the extent that Plaintiff plans to raise these or similar arguments in response to Unum's forthcoming Motion to Dismiss, she will have the opportunity to do so at that time, and Unum will substantively address the defects in Plaintiff's legal arguments as part of that briefing.[1]

For these reasons, Unum asks that Plaintiff's Motion for Equitable Tolling and Motion for Equitable Estoppel be denied as premature and that Unum be allowed to address these issues as part of the briefing in connection with its Motion to Dismiss.

**Conclusion**

For the foregoing reasons, Defendant Unum respectfully asks that the Court deny Plaintiff's Motion for Equitable Tolling and Motion for Equitable Estoppel as inappropriate and premature.

---

[1] Of course, Unum will address these matters sooner if the Court prefers that it do so.

Dated: March 12, 2020

By: /s/ Mary C. Zinsner
Mary C. Zinsner, Esq.
DC Bar No. 430091
Troutman Sanders LLP
401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel: 202-274-1927
Fax: 703-448-6510
Email: mary.zinsner@troutman.com

David E. Constine III, Bar No. 23223
*(application for pro hac vice to be submitted)*
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122 (23218-1122)
Richmond, VA  23219
Telephone: 804.697.2200
Facsimile: 804.697.1339
Attorneys for Defendant
UNUM Life Insurance Company

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of March 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Carson H. Sullivan
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700
      Attorneys for Defendant Williams & Connolly LLP


      I hereby certify that on March 12, 2020, the foregoing was served via Federal Express to the following:

Lisa K. Holden
Pro Se
720 North Carolina Avenue, S.E.
Washington, DC 20003
(202) 823-2692


      /s/ Mary C. Zinsner
      Mary C. Zinsner, Esq.
      DC Bar No. 430091
      Troutman Sanders LLP
      401 9th Street, NW, Suite 1000
      Washington, DC 20004
      Tel: 202-274-1927
      Fax: 703-448-6510
      Email: mary.zinsner@troutman.com